**E-Filed 6/2/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHNNY CORDOVA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>C.A. TERHUNE, Director, Department of Corrections; RODNEY HICKMAN, Warden,<br><br>　　　　Respondents. | Case No. C 01-20168 JF<br><br>ORDER[1] DENYING PETITION FOR WRIT OF HABEAS CORPUS |

**I. INTRODUCTION**

　　The instant petition is before the Court on partial remand from the Court of Appeals for the Ninth Circuit. After this Court denied relief, the Court of Appeals determined that Petitioner was entitled to an evidentiary hearing to resolve certain disputed facts with respect to his claim that his trial counsel rendered ineffective assistance in connection with a plea offer. The issues at the hearing were to include, but not be limited to, "whether [Petitioner]'s counsel told him what [Petitioner] said he did, what [Petitioner]'s understanding was of the plea bargaining process in view of his previous experience, when and why the government decided to revoke its plea offer, and whether the government would have reinstated its offer if [Petitioner] had withdrawn his

---

[1] This disposition is not appropriate for publication in the official reports.

motion to dismiss." 164 Fed.Appx. 609, 611-12 (2006).

The evidentiary hearing took place on April 30, 2009. Testimony was taken from Catherine Pozos (formerly Constantinides), the deputy district attorney who made the plea offer to Petitioner; Alfred Wright, Petitioner's trial counsel; and Petitioner himself. The parties also introduced a number of exhibits, including recordings and transcripts of monitored conversations between Petitioner and others while Petitioner was incarcerated in the Santa Clara County Jail awaiting trial. Following the hearing, each party submitted closing argument in writing.

Having considered the evidence and applicable law, and having weighed the credibility of the witnesses in light of the entire record, the Court concludes that Petitioner has failed to show that he is entitled to relief.

## II. DISCUSSION

As relevant here, Petitioner's claim of ineffective assistance of counsel is as follows:

> "The district attorney offered petitioner the opportunity to plead guilty in exchange for a twelve year sentence. The offer was presented to defense counsel. Petitioner faced an indeterminate sentence of 31 years to life under the three strikes law. In spite of his obligation to promptly convey such offers to his client, defense counsel did not present the offer to petitioner until sometime later when petitioner asked if there were any plea offers. Counsel then told petitioner about the offer and incorrectly advised that the offer would be open. Counsel advised petitioner that the motion to dismiss was strong and that if they lost he would file a writ and the plea offer would still be open. It was not. Petitioner would have accepted the offer if he had been promptly and adequately advised by counsel."

First Amended Petition at 10.

A. <u>Testimony Presented at the Hearing</u>

Ms. Pozos testified that she told Mr. Wright that Petitioner would receive an agreed sentence of twelve years if he pled guilty before the hearing on his motion to dismiss the indictment but that this offer would be withdrawn upon commencement of the hearing. Ms. Pozos recalled that Mr. Wright attempted frequently but unsuccessfully to persuade her to make a more favorable offer, that according to Mr. Wright Petitioner was unwilling to agree to more than one year of prison time, that she also was aware from having heard recordings of Petitioner's monitored conversations at the jail, which she began reviewing within a week after conveying the

offer to Mr. Wright, that Petitioner was extremely resistant to accepting a twelve-year sentence, and that she advised Mr. Wright to have a "come to Jesus" discussion with Petitioner before the motion hearing in order to convince Petitioner to accept the offer before it was withdrawn. Ms. Pozos confirmed that the offer in fact was withdrawn following the motion hearing and that she never indicated to Mr. Wright that the offer might be reinstated. She observed that she personally had been opposed to making any offer to Petitioner, that she had offered the twelve years only at the direction of others in her office, and that she was pleased when Petitioner proceeded with the motion to dismiss and thereafter went to trial. The Court found Ms. Pozos to be entirely credible.

Mr. Wright testified that he had represented Petitioner on several previous occasions, that he and Petitioner had a good working relationship, and that Petitioner had resolved each of the previous cases by a guilty plea. Mr. Wright recalled that he discussed the twelve-year offer with Petitioner shortly after Ms. Pozos communicated the offer to him, although he did not recall precisely how much time passed between the two conversations or whether it was he or Petitioner who actually initiated their discussion of the offer. He had a clear recollection that when Petitioner learned of the terms of the offer, Petitioner responded angrily, saying, "fuck them," and that at no time thereafter did Petitioner ever express any interest at all in accepting the offer. Mr. Wright did not remember specifically whether or not he told Petitioner that the offer would be withdrawn if he proceeded with the motion to dismiss, but he testified that it would have been consistent with his custom and practice to communicate any offers fully and accurately. Although it was his opinion–which opinion he shared with Petitioner–that the motion to dismiss was meritorious, and he was both surprised and disappointed at the outcome of the motion hearing, he was certain that he never told Petitioner to wait until after the hearing to decide whether to accept the twelve-year offer. When presented more than three years later with Petitioner's request that he "reconsider what transpired with the plea offer," Petitioner's Exh. 6, Mr. Wright understood that request as asking him to give an inaccurate account of what had transpired in order to assist Petitioner in obtaining post-conviction relief.

While there were significant gaps in Mr. Wright's ability to recall the events in question,

3

which is understandable given the passage of thirteen years, the Court found Mr. Wright's testimony as to those events he did remember to be entirely credible. His recollection that he first discussed the offer with Petitioner shortly after receiving it from Ms. Pozos is corroborated by Ms. Pozos's testimony that she heard Petitioner talking about the offer in a monitored conversation within a week after she conveyed the offer to Mr. Wright. Mr. Wright's description of Petitioner's response to the offer is consistent with the other evidence in the record, including Petitioner's monitored communications, as to Petitioner's opinion of the offer. Mr. Wright had many years of experience as a criminal defense attorney and knew that he had an ethical obligation to his clients to convey any offers promptly and accurately. Under these circumstances, his statement that it would have been his custom and practice to advise Petitioner of the conditional nature of the offer, his express denial that he ever told Petitioner that the offer would be open after the motion hearing, and his testimony concerning his reaction when he received Petitioner's request that he "reconsider what transpired with the plea offer" are both internally consistent and believable.

Petitioner's testimony at the evidentiary hearing was consistent with the statement of facts in his First Amended Petition. Petitioner disputed Mr. Wright's account of their initial discussion of the offer and specifically denied having used profanity. When asked to explain his statements in multiple monitored communications, all of which were laced with similar language, that he had no intention of taking the twelve-year offer under any circumstances, he said that he made the statements in an attempt to deceive Ms. Pozos as to his intentions and thus gain leverage with her. He knew that the prosecutor would be monitoring his communications from the jail, and he believed that she would make a more favorable offer if she knew he that he never would accept a sentence of twelve years. He said that his family and loved ones knew that his monitored statements were a ruse because he made several unauthorized, unmonitored telephone calls to them with the assistance of an unnamed corrections officer. Finally, Petitioner testified that his request that Mr. Wright "reconsider what transpired with the plea offer" was prompted by Mr. Wright's unwillingness to give an accurate account of their attorney-client conversations in support of Petitioner's efforts to obtain post-conviction relief in the state courts.

Although Petitioner was able to recall the relevant events in great detail, the Court found that key portions of Petitioner's testimony were not credible in light of the entire record. For example, Petitioner's statement that Mr. Wright delayed in advising him of the twelve-year offer is contradicted by the credible testimony of Ms. Pozos, who first heard Petitioner discussing the offer in a monitored conversation on March 8, 1996, within a week after she communicated the offer to Mr. Wright. His testimony that he wanted to accept the twelve years but that Mr. Wright told him to wait to make a decision until after the motion hearing is inconsistent with his numerous monitored communications during the weeks both preceding and following the motion hearing, which occurred on May 1, 1996. In each of these communications, Petitioner stated clearly, unequivocally, and in language similar to that recounted by Mr. Wright that he would not accept a twelve-year sentence under any circumstances. Respondent's Exh 3. Petitioner's explanation that his monitored statements did not reflect his true state of mind but instead were a ruse to influence the prosecutor both is self-serving and lacks any evidentiary support: as Respondent points out, Petitioner failed to produce corroborating testimony from any of the recipients of the alleged unmonitored communications or identify the corrections officer who allegedly (and unlawfully) facilitated those communications. Taken as a whole, and despite its greater detail, the Court found Petitioner's testimony to be significantly less credible than that of either of the other witnesses.

B.  Findings on Remand

Based on its assessment of the credibility of the witnesses and its review of the exhibits presented at the evidentiary hearing, the Court makes the following findings of fact:

1. During the first week of March, 1996, Ms. Pozos advised Mr. Wright that she would agree to a twelve-year sentence if Petitioner pled guilty before the hearing on his motion to dismiss the indictment and that the offer would be withdrawn upon commencement of the motion hearing;

2. Mr. Wright first discussed Ms. Pozos's offer with Petitioner not later than March 8, 1996;

3. Despite Mr. Wright's limited recollection of the details of the conversation, it is more

likely than not that Mr. Wright presented Petitioner with all of the terms of the offer, including the fact that the offer would be withdrawn if it was not accepted prior to the commencement of the motion hearing;

4. Petitioner had extensive familiarity with the plea-bargaining process in the state court and had pled guilty in several prior cases in which he had been represented by Mr. Wright;

5. Petitioner clearly and unequivocally rejected the twelve-year offer when Mr. Wright first presented it to him and never indicated subsequently to Mr. Wright that he wanted to accept it;

6. After his initial discussion of the twelve-year offer with Petitioner, Mr. Wright unsuccessfully attempted to persuade Ms. Pozos to make a more favorable offer;

7. Although Mr. Wright told Petitioner that he thought the motion to dismiss was likely to succeed, he did not tell Petitioner to wait until after the motion hearing to decide whether to accept the twelve-year offer;

8. Petitioner's monitored communications from the Santa Clara County Jail, in which he clearly and unequivocally expressed his unwillingness to accept the twelve-year offer, were a true representation of Petitioner's then-existing state of mind;

9. Petitioner's testimony at the evidentiary hearing that the statements in his monitored communications were a ruse intended to motivate Ms. Pozos to make a more favorable offer was not credible and reflects adversely on Petitioner's credibility generally;

10. The twelve-year offer remained open at all times prior to the commencement of the motion hearing on May 1, 1996, at which time it was withdrawn.

C.  Conclusions of Law

1. Mr. Wright's performance did not fall below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687-88, 695-96 (1984);

2. Even if Mr. Wright was overly optimistic in his assessment of the merits of the motion to dismiss the indictment, the legal advice Petitioner received was not "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to

1 accept" the twelve-year offer. *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting
2 *United States v. Day*, 969 F.2d 39, 43 (3rd Cir, 1992). The same theory asserted in the motion to
3 dismiss (that the knife found in Petitioner's possession was not an illegal weapon) was presented
4 as Petitioner's sole defense at trial, and Petitioner was convicted only after a first trial resulted in
5 a hung jury.

6       3. Even assuming that Mr. Wright failed to communicate effectively to Petitioner that the
7 twelve-year offer would be withdrawn upon the commencement of the motion hearing, there is
8 no evidence apart from Petitioner's self-serving testimony after the fact that Petitioner ever
9 would have accepted the twelve-year offer, and there is compelling evidence to the contrary in
10 the form of Petitioner's own monitored statements. Petitioner thus has not met his burden of
11 showing prejudice. *Hill v. Lockhart*, 474 U.S. 52. 57-58 (1985).

### III. ORDER

Based upon the foregoing discussion, the Court finds and concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying state criminal proceedings. Accordingly, the Petition for Writ of Habeas Corpus is DENIED. The Clerk shall enter judgment and close the file.

DATED: June 2, 2009

                                            JEREMY FOGEL
                                            United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
Case No. C 01-20168 JF

Copies of Order served upon:

Jill Marietta Thayer    jill.thayer@doj.ca.gov

Laurence K. Sullivan    larry.sullivan@doj.ca.gov, DocketingSFAWT@doj.ca.gov

Maureen J. Shanahan    Mstotaro@aol.com

Peggy S. Ruffra    peggy.ruffra@doj.ca.gov, DocketingSFAWT@doj.ca.gov

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
Case No. C 01-20168 JF